UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WILLIE CLAY MEANS,<br>a/k/a Clay Means, | )<br>)<br>) | |
| Petitioner, | ) | Civil No. 5: 13-106-DCR |
| V. | )<br>)<br>) | |
| FRANCISCO J. QUINTANA, Warden of<br>FMC-Lexington, | )<br>)<br>) | **MEMORANDUM OPINION<br>AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Willie Clay Means[1] is an inmate confined at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"). Proceeding without an attorney, Means filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal conviction and sentence. [Record No. 1] Means also hlas filed three motions to amend his initial pleading. [Record Nos. 3, 4, 5] Having reviewed Means' petition and motions to amend, the Court will deny the relief requested.

---

1   While Means filed his § 2241 petition under the moniker "Clay Means," both the Bureau of Prisons and the trial court proceedings identify his proper name as "Willie Clay Means." *See* BOP Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType =IRN&IDNumber=15566-058&x=85&y=2 (last visited on October 21, 2013). Means has filed numerous other habeas petitions and civil rights actions under the name "Clay Means." To ensure the correctness of the docket and to facilitate tracking of Means' litigation activity for purposes of 28 U.S.C. § 1915(g), the Clerk of the Court will be directed to modify the docket to identify the petitioner as "Willie Clay Means" and to identify "Clay Means" as an alias designation.

-1-

**I.**

On May 11, 1995, Means and numerous family members and friends were charged in a 129-count indictment.  According to the indictment Means occupied a leadership position in a large-scale conspiracy to manufacture and traffic in crack cocaine, marijuana, and prescription drugs, in Birmingham, Alabama.  [*See United States v. Willie Clay Means*, Criminal Action No. 2: 95-129-JHH-TMP, (N.D. Ala. May 11, 1995), Record No. 1.]  Means was also charged with possessing firearms in furtherance of the drug conspiracy.  [*Id.*]  On August 7, 1995, the government filed a Notice pursuant to 21 U.S.C. § 851(a), indicating that it intended to seek an enhanced penalty against Means based on his prior convictions.  On March 18, 1996, following a six-week trial, a jury found Means guilty on thirty-four counts.  [*Id.* at Record Nos. 618-624]

On May 24, 1996, the district court concluded that at least two of Means' prior state drug convictions qualified as predicate offenses for enhancement purposes under 21 U.S.C. § 841(b).  [*Id.* at Record Nos. 693, 694]  On May 29, 1996, Means was sentenced to several concurrent terms of life imprisonment as well as additional terms of years.  [*Id.* at Record No. 702]  The Eleventh Circuit affirmed his convictions and sentence on direct appeal.  Means has since filed numerous motions for relief pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582.  However, these motions have all been found to be without merit.  [*See, e.g.*, *Id.* at Record Nos. 1100, 1391, 1396, 1429, 1508, 1610, 1671, 1759, 1801, 1866.]  On April 15, 2013, Means filed his petition for habeas relief under § 2241.  [Record No. 1]

**II.**

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court will deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Means is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, Means' factual allegations are accepted as true and his legal claims are liberally construed in his favor.

**A.    Means' Initial § 2241 Petition**

It appears that Means seeks relief in his initial petition under *Jones v. United States*, 526 U.S. 227 (1999), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). [Record No. 1, p. 6] However, he provides no argument for substantive relief under either case. Instead, Means argues that the district court could not impose a life sentence pursuant to 21 U.S.C. § 841(b)(1)(A) because none of his convictions involved the possession of more than fifty grams of cocaine base. In support, he relies on *United States v. Winston*, 37 F.3d 235 (6th Cir. 1994) and *United States v. Rettelle*, 165 F.3d 489 (6th Cir. 1999).[2] [Record No. 1, pp. 10-12] However, this argument is not cognizable under § 2241. As a general rule, 28 U.S.C. § 2255

---

2    In *Winston*, the Sixth Circuit held that § 841(b)(1)(A) only mandates the imposition of a life sentence if the defendant's violation of § 841(a) involves the possession of more than fifty grams of cocaine base on a single occasion, rather than in the aggregate. *Winston*, 37 F.3d at 240. In *Rettelle*, the Sixth Circuit applied the same rationale announced by *Winston* in the manufacturing context, finding that § 841(b)(1)(B)(vii)'s mandatory-minimum sentence requirement is only applicable when a defendant's conduct included more than one hundred marijuana plants on a single occasion, rather than in the aggregate. *Retelle*, 165 F.3d at 490-92.

provides the correct avenue to challenge a federal conviction, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the Bureau of Prisons' ("BOP") calculation of sentence credits or parole eligibility). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner may challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, he or she may only pursue a claim of actual

innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Means' argument plainly does not fit within this narrow exception. As an initial matter, both *Winston* and *Rettelle* were decided by the Sixth Circuit, not the Supreme Court. Additionally, *Winston* was decided long before both Means' initial conviction and the date upon which that conviction became final, as well as when he filed his initial § 2255 motion. Thus, because any potential claim under *Winston* or *Retelle* was available to Means when he filed his initial § 2255 motion, on January 24, 2000, he may not assert them as grounds for relief in a § 2241 petition. *Cf. Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1334 (11th Cir. 2013); *see also Charles*, 180 F.3d at 756 ("[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate.").

Moreover, Means' challenge to the validity of his sentence may not proceed under § 2241. As indicated above, the Sixth Circuit has consistently held that the "savings clause" of § 2255(e) permits a petitioner to file a habeas corpus petition under § 2241 only to challenge his or her conviction, not to challenge the sentence imposed. *Hayes v. Holland*, 473 F. App'x 501,

502 (6th Cir. 2012) ("[The petitioner] does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."); *see also United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010). In short, Means has failed to demonstrate that he is entitled to proceed under § 2241.

### B. Means' Motions to Amend

Means has also filed three motions to amend his § 2241 petition to assert additional claims. [Record Nos. 3, 4, 5] However, his proposed amendments do not provide a basis to grant the relief he seeks pursuant to § 2241. Therefore, because it would be futile to permit Means to amend his § 2241 petition, these motions will be denied, as moot.

In his first amended petition, Means contends that the indictment did not allege a specific quantity of drugs, and that the jury was not specifically required to find particular drug amounts through a special verdict. [Record No. 3, p. 2] Means argues that his sentence, therefore, violates *Apprendi* because the jury was not required to find the drug quantities beyond a reasonable doubt.[3] [Record No. 3, pp. 3-5] Means has sought relief under *Apprendi* on a number of prior occasions, all without success. As the Sixth Circuit noted in rebuffing Means' most-

---

3    In *Apprendi*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.*, 530 U.S. at 490.

recent effort to invoke *Apprendi* in a § 2241 petition, "[i]t is not necessary to apply [*Apprendi*] retroactively because [it] was decided during the pendency of Means's criminal appeal . . . [and] our court has held that a challenge to a sentence based upon *Apprendi* cannot be the basis for an actual innocence claim." *Means v. Castillo*, No. 09-5229 (6th Cir. Feb. 16, 2010) (internal quotation marks and citations omitted). In short, Means' argument under *Apprendi* is without merit, and this claim will be denied as both an abuse of the writ and as procedurally unavailable. *See Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 766 (6th Cir. 2008); *Bannerman v. Snyder*, 325 F. 3d 722, 723 (6th Cir. 2003).

In his second motion to amend, Means seeks relief under the Fair Sentencing Act in light of the Sixth Circuit's recent decision in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). In *Blewett*, a divided panel of the Sixth Circuit held that the Fair Sentencing Act of 2010 applied retroactively. However, on July 11, 2013, a majority of the active judges of the Sixth Circuit voted for rehearing of the case en banc. *United States v. Blewett*, Nos. 12-5226, 12-5582, 2013 U.S. App. LEXIS 15872 (6th Cir. July 11, 2013) (order granting rehearing en banc). Therefore, the panel opinion on *Blewett* has been set aside and has no precedential effect. Additionally, previous Sixth Circuit decisions hold that the provisions of the Fair Sentencing Act of 2010 do not apply to offenses committed prior to the effective date of the Act. *United States v. Hammond*, 712 F.3d 333, 336 (6th Cir. 2013); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); *see United States v. Ruff*, 437 F. App'x 448, 451 (6th Cir. 2011) (unpublished). The crime for which Means was convicted and his sentencing occurred well before the effective date of the Fair Sentencing Act of 2010. Therefore, *Hammond*, *Carradine*, and *Ruff* would foreclose any

retroactive application of the Fair Sentencing Act of 2010 in this case. *See United States v. Bell*, No. 12-6495, 2013 WL 4792344, at *2 (6th Cir. Sept. 10, 2013).

In his third motion to amend his petition, Means contends that the district court erred by imposing a mandatory minimum life sentence under § 21 U.S.C. § 841(b)(1)(A). Specifically, he argues that because the drug quantities were neither specifically charged in the Indictment nor found by the jury beyond a reasonable doubt, the imposition of a mandatory minimum life sentence is contrary to the Supreme Court's decision in *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2011). [Record No. 5] In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. However, as this Court has noted before, *Alleyne* does not apply retroactively, and does not provide a basis for relief under § 2241. *United States v. Potter*, No. 7:13-7290-DCR, 2013 WL 3967960, at *3 (E. D. Ky. July 31, 2013); *Luney v. Quintana*, No. 6:13-CV-3-DCR, 2013 WL 3779172, at *3 (E.D. Ky. July 18, 2013); *see also Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *4 (N.D. Ohio July 3, 2013) (holding that because *Alleyne* is a "sentencing-error case," it "does not decriminalize the acts which form the basis of Petitioner's conviction," and therefore may not serve as a basis for an actual innocence claim to fall within the scope § 2241). Thus, Means' *Alleyne* argument does not provide him with a valid claim under § 2241 and will be denied.

**III.**

Means has failed to demonstrate that he is entitled to proceed under § 2241. Additionally, Means' proposed motions to amend his petition are without merit, therefore, amendment would be futile. Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court shall modify the docket to identify the petitioner as "Willie Clay Means" and to identify "Clay Means" as an alias designation.

2. Petitioner Willie Clay Means's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

3. Petitioner Willie Clay Means' motions to amend his petition [Record Nos. 3, 4, 5] are **DENIED**, as moot.

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

5. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent Francisco J. Quintana, Warden of FMC-Lexington.

This 21st day of October, 2013.

